Dear Mr. Chauffe:
You have requested an opinion of this office to review actions taken by the Slidell Ethics Board ("Board") which may have been in violation of Louisiana's Open Meetings Laws, R.S. 42:4.1 et seq.
The events which have occurred, as I appreciate them, center around an investigation into ethics violations by a Slidell city employee. A question arose as to the Board's duty to give public access to the records of its investigations. Consequently, telephone conversations were carried on among yourself and other Board members in order to discuss what actions the Board would take in terms of the release of these records.
For purposes of the Open Meetings Laws, any convening of a quorum of a public body to deliberate or act on a matter would constitute a meeting under R.S. 42:4.2(1). A public body as it is defined under this statute includes:
 [Any] state, parish, municipal or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions. . . .
Clearly the Board is included within the statutory definition of a public body for purposes of the Open Meetings Laws in that it is a municipal board which possesses policy making, advisory and administrative functions.
Whether a meeting has occurred for these purposes is determined by the circumstances of each case. The Open Meetings Law defines meeting as:
 [T]he convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public has supervision, control, jurisdiction, or advisory power.
R.S. 42:5 states the public nature in which these meetings must be conducted, it provides:
 A. Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
 B. Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret ballot, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.
 C. All votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official, written proceedings of the body, which shall be a public document.
This law may not be circumvented by meeting in any unannounced or secretive manner. This would include contact among a majority of Board members by telephone for the purpose of deciding on a course of action. By discussing with a majority of its members in a nonpublic manner a matter which the Board had control over, and where no exception to the Open Meetings law applied, the Board, whether intentionally or not, violated R.S. 42:5.
The public policy behind the Open Meetings Laws is to ensure the maintenance of a democratic society by requiring that all public business be performed in an open and public manner so that citizens may be aware of the performance of public officials and the decisions that go into the making of public policy. To this end, the Open Meetings Laws should be followed to the letter.
It is therefore the opinion of this office that contact by telephone between a majority of members of the Slidell Ethics Board in order to determine policy or a course of action would constitute a violation of the Open Meetings Laws.
Hoping this to be of sufficient information, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr